UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re
B&P BAIRD HOLDINGS, INC.,
        Debtor.
_____/

JAMES W. BOYD, Chapter 7 Trustee,

        Plaintiff-Appellant,

v.

PAMELA BAIRD,

        Defendant-Appellee.
_____/

Bankr. Case No. 10-10941

File No. 1:13-CV-424
Adv. Pro. No. 11-80397
HON. ROBERT HOLMES BELL

**O P I N I O N**

This is an appeal from the bankruptcy court's order denying Plaintiff-Appellant's motion to amend his complaint. For the reasons that follow, the bankruptcy court's order will be affirmed.

**I.**

On September 8, 2010, B&P Baird Holdings, Inc. filed for Chapter 7 bankruptcy relief. *In re B&P Baird Holdings, Inc.*, No. 10-10941 (Bankr. W.D. Mich.). On August 23, 2011, the Trustee initiated an adversary proceeding against William and Pamela Baird and King Par, LLC, *Boyd v. King Par, LLC*, No. 11-80397 (Bankr. W.D. Mich.).

After dismissing King Par, LLC from the adversary proceeding pursuant to a

settlement, the trustee filed his first amended complaint, alleging that the Bairds, who were the shareholders and directors of B&P Baird Holdings, Inc. (a/k/a "Old King Par" or "OKP") sold substantially all of the assets of OKP to King Par, LLC (a/ka/ "New King Par" or "NKP"), and directed that the proceeds from the sale, totaling approximately $4 million, be placed into a bank account in the names of William and Pamela Baird at Arvest Bank. (ROA 14.)[1] The first four counts of the amended complaint sought the avoidance and recovery of alleged fraudulent transfers to the Bairds. Count V alleged that the Bairds violated the Michigan Business Corporation Act. Counts VI and VII alleged common law and statutory conversion. (*Id.*)

On March 13, 2012, the bankruptcy court granted Pamela Baird's motion to dismiss the conversion counts (Counts VI and VII), for failure to state a claim based on the court's determination that the trustee had not alleged that the Bairds had actually diverted the funds to their personal use. (ROA #15, Mot.; ROA #24, 03/13/12 Hr'g Tr. 21-25.) The trustee then moved to file a second amended complaint, again asserting the two conversion counts, but with added factual detail to support a finding that the Bairds used the funds deposited into the Arvest Bank account from the NKP sale for their own personal use and benefit. (ROA 25, Mot. to File 2nd Am. Compl., Ex. 1, 2nd Am. Compl. ¶¶ 43.1 - 43.9, 43.50 - 43.53, 199, 213.1 - 213.4.) After a hearing on the motion, the bankruptcy court provided the parties an opportunity to file post-hearing briefs on an issue that had not been addressed in

---

[1] "ROA" refers to the Record on Appeal found at Dkt. No. 11.

their briefs, i.e., whether the doctrine of *in pari delicto* would render the trustee's proposed amendment for conversion/embezzlement futile. (ROA 31, Brief Schedule.) On June 11, 2012, the bankruptcy court denied the trustee's motion to file a second amended complaint that re-alleged the previously-dismissed conversion counts on the basis that the conversion counts were barred under the doctrine of *in pari delicto*. (ROA #36, 06/11/2012 Hr'g Tr.) On August 10, 2012, the bankruptcy court denied the trustee's motion to alter or amend the order denying the motion to file a second amended complaint. (ROA 6; ROA 38, 08/08/12 Hr'g Tr. 71-87.) These adverse rulings on the trustee's ability to file a second amended complaint to add the conversion counts are the subject of this appeal.

On March 18, 2013, the bankruptcy court approved the trustee's settlement with Defendant Pamela Baird. (ROA 7.) On April 10, 2013, the bankruptcy court approved the trustee's settlement with Defendant William Baird. (ROA #8.) The parties have settled all remaining claims in the adversary proceeding except for the conversion claims against Defendant Pamela Baird that are the subject of this appeal. (Dkt. No. 15, Appellant's Br. 4.) On April 23, 2013, the bankruptcy court signed a final order dismissing the adversary proceeding as to Pamela Baird. (ROA 9.) This appeal was filed on April 17, 2013.

**II.**

The trustee has raised two issues on appeal:

(1) Did the bankruptcy court err in denying Plaintiff/Appellant's motion to amend his complaint to add counts for common law and statutory conversion, including without limitation based upon the bankruptcy court's ruling that the doctrine of *in pari delicto* applied such that the filing of the conversion counts

3

of Plaintiff/Appellant's proposed Second Amended Complaint would be futile?

(2) Did the bankruptcy court err in denying Plaintiff/Appellant's motion to alter or amend the bankruptcy court's order denying Plaintiff/Appellant's motion to amend his complaint to add counts for common law and statutory conversion?

(Dkt. No. 15, Appellant's Br. 1.)[2]

Although denial of leave to file an amended complaint is normally reviewed under an abuse of discretion standard, where, as here, denial of the motion to amend rests on a legal conclusion that the amended complaint would not withstand a motion to dismiss under Rule 12(b)(6), the denial is reviewed *de novo*. *See Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1188 (6th Cir. 1996).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treas., State of Mich., Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)). In reviewing a 12(b)(6) motion, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d

---

[2] Although the trustee identified a third issue in his statement of issues presented on appeal (ROA 13), i.e., whether the bankruptcy court erred in dismissing the conversion counts from his first amended complaint, that issue appears to have been withdrawn or waived inasmuch as it is not referenced in the statement of issues presented in the trustee's brief on appeal.

4

986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

When a trustee files a lawsuit that the debtor could have filed, he does so subject to all defenses that could have been raised against the debtor had the debtor filed the lawsuit. 11 U.S.C. § 541(a); *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 596 (7th Cir. 2012). *In pari delicto* is an appropriate defense against a trustee in bankruptcy if it would have been available as a defense against the debtor. *Peterson v. McGladderty & Pullen, LLP*, 676 F.3d 594, 596 (7th Cir. 2012). The doctrine of *in pari delicto* is based on the idea that, "when the plaintiff is as culpable as the defendant, if not more so, the law will let the losses rest where they fell." *Id.*

Michigan has adopted a wrongful-conduct rule that incorporates the common-law *in pari delicto* maxim that "as between parties *in pari delicto*, that is equally in the wrong, the law will not lend itself to afford relief to one as against the other, but will leave them as it finds them." *Orzel v. Scott Drug Co.*, 537 N.W.2d 208, 212-13 (Mich. 1995) (quoting 1A

5

CJS, Actions, § 29, p. 388.) *See also Pantely v. Garris, Garris & Garris, P.C.*, 447 N.W.2d 864, 867 (Mich. Ct. App. 1989) ("*In pari delicto*, as a common law doctrine, expresses the principle that wrongdoers ought each to bear the untoward consequences of their wrongdoing without legal recompense or recourse."). "To implicate the wrongful-conduct rule, the plaintiff's conduct must be prohibited or almost entirely prohibited under a penal or criminal statute." *Orzel*, 537 N.W.2d at 214.

The bankruptcy court held that because the trustee alleged that the Bairds were the sole shareholders, officers and directors of the debtor, OKP and directed the actions of OKP, OKP was the Bairds' alter ego and was equally at fault with the Bairds. (ROA #36, 06/11/2012 Hr'g Tr. 27.) The bankruptcy court noted that application of the *in pari delicto* doctrine in this case was an application of the familiar principle that it is impossible to steal from oneself. (*Id.* at 25.)

The trustee contends that the bankruptcy court's conclusion that doctrine of *in pari delicto* applied to bar the conversion claims is legally erroneous because no alleged conduct of Pamela Baird could be construed as being in violation of a criminal or penal statute, and because Pamela Baird's denials in her answer and her affidavit gives rise to more than one potential "set of facts" that would preclude the applicability of *in pari delicto*.

Under Michigan law, the tort of conversion encompasses the tort of embezzlement. *See* Mich. Comp. Laws § 600.2919a. The bankruptcy court construed the trustee's conversion claims as embezzlement claims because embezzlement "more accurately

6

describes the unlawful conduct of which the Bairds stand accused." (ROA 36, 06/11/12 Tr. 17.) As recognized in *Orzel*, Michigan courts have applied the wrongful conduct or *in pari delicto* rule to embezzlement. *Orzel*, 537 N.W.2d at 214 (citing *Piechowiak v. Bissell*, 9 N.W.2d 685 (Mich.1943)).

The trustee does not deny that the allegations in the complaint support a claim of embezzlement. The trustee contends, however, that the bankruptcy court's construction of Plaintiff's complaint as equivalent to the crime of embezzlement was erroneous because a cause of action for conversion under Michigan can be entirely innocent and does not necessarily include the intent element required for criminal embezzlement. *See*, *e.g.*, *McCallum v. Pixley (In re Pixley)*, 456 B.R. 770, 788 (Bankr. E.D. Mich. 2011) (noting that the tort of conversion does not require an intent to violate the property rights of another, or knowledge that one is violating the property rights of another); *Prime Financial Service LLC v. Vinton*, 761 N.W.2d 694, 714 (Mich. Ct. App. 2008) (noting that one may be liable for assisting another in a conversion though acting innocently). The trustee also notes that in one paragraph he alleged that the Bairds "are liable for conversion by aiding or abetting or assisting another in a conversion, even if acting innocently." (2nd Am. Compl. ¶ 217.)

Although it is possible to state a claim for innocent conversion under Michigan law, this is not what the trustee did. The trustee alleged that Pamela Baird was a shareholder, director and officer of OKP (¶¶ 11, 206); that the asset purchase agreement between OKP and NKP directed the proceeds to be placed into Pamela and William Baird's joint Arvest

7

Bank Account (¶¶ 25, 42); that Pamela and William Baird continue to maintain dominion and control over the proceeds from NKP (¶ 43.53); that Pamela and William Baird "orchestrated dealings" between NKP and OKP (¶ 80), "determined" to use OKP as an instrumentality (¶ 100), "determined" what creditors to pay based on the potential benefit they would personally derive (¶ 106), "intended" to transfer OKP's assets to NKP without OKP receiving fair consideration (¶ 112), "denuded" OKP of its funds by taking personal possession and control thereof (¶ 113), "chose" not to have a dollar of payment from NKP received by OKP (¶ 114), "arranged" for transfer of OKP's assets to NKP (¶ 115), had payments from NKP deposited directly into their personal account (¶ 122),"knew" that OKP would not have assets from which to pay certain creditors (¶ 125), and "secreted" the funds into accounts maintained and controlled by them individually. (¶ 213.2).

Upon review of the complaint as a whole, the Court agrees with the bankruptcy court that the allegations are more consistent with embezzlement than with innocent conversion. The complaint's factual allegations must be enough to "raise a right to relief above the speculative level," and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Because none of the factual allegations support an innocent conversion claim, the trustee's mere recitation of the word "innocent" in ¶ 217 of the complaint is not sufficient to raise the right to relief on the conversion claim above the speculative level. The trustee has not alleged a plausible claim for innocent conversion.

The trustee argues in the alternative that even if he did not properly allege an innocent

8

conversion claim that would have survived a Rule 12(b)(6) motion to dismiss, amendment of his complaint would not have been futile because the sworn testimony of Pamela Baird gives rise to more than one potential set of facts that would preclude the applicability of *in pari delicto*. The trustee notes that if a fact finder believed Pamela Baird's statements, she would not be a corporate insider at all, and there would be no basis for applying the *in pari delicto* defense.

A court may not consider matters outside the pleadings in analyzing a complaint under Rule 12(b)(6). For purposes of a 12(b)(6) motion, the Court may only consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

The trustee contends that Pamela Baird's answer to the complaint and her affidavit can be considered by the Court because they are "items appearing in the record of the case." Contrary to the trustee's argument, not all items appearing in the record may be considered in conjunction with a Rule 12(b)(6) motion. The rule only allows such other items to be considered if they are "referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430. Pamela Baird's denial of her involvement in OKP is not referenced in the complaint nor is it central to the trustee's claims as outlined in the

9

complaint. In fact, they are directly contrary to the trustee's allegations in the complaint.

The trustee's argument that the Court should consider facts regarding innocent conversion that might have been alleged or facts raised by the defense, is based on his reliance on case law stating that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that he can prove "no set of facts" in support of his claim which would entitle him to relief. *See Kottmyer v. Maas*, 436 F.3d 684, 688 (2006). This is no longer good law. Although a number of cases have read the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings, *Twombley*, 550 U.S. at 561, such a reading was explicitly rejected by the Supreme Court in *Twombly*: "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

In considering whether a complaint can withstand a Rule 12(b)(6) motion to dismiss, the Court is required to consider only the facts alleged, and any facts consistent with those allegations. The innocent conversion gloss the trustee now wants to place on the conversion claims in his proposed second amended complaint are not consistent with the facts alleged. They accordingly do not suggest a basis for reversing the bankruptcy court's determination that the conversion counts are barred by the doctrine of *in pari delicto*. This Court will

accordingly affirm the bankruptcy court's denial of the trustee's motion to file a second amended complaint and its denial of the trustee's motion to alter or amend that denial.

An order and judgment consistent with this opinion will be entered.


Dated: December 30, 2013                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE